UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NANCY LORI WALKER,

    Defendant.
_____/

Case No. 2:09-cr-20264

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING MOTION TO WITHDRAW
AS ATTORNEY FOR DEFENDANT** (docket no. 12)

In this matter, the Defendant moves, through counsel, for withdrawal of her attorney. The Court denies the motion for the reasons stated below.

Defendant Nancy Lori Walker is charged with possession of counterfeit money and possession of a firearm with an obliterated serial number. She qualified for appointment of counsel under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, and was appointed her first defense counsel, Richard Helfrick of the Federal Public Defender Office, on or around May 6, 2009. Mr. Helfrick is one of the best lawyers in the Defender's office and the veteran of numerous high profile criminal trials.

On May 11, 2009, Jeffrey Edison was later appointed to represent Ms. Walker. Mr. Edison represented Ms. Walker until June 5, 2009, at which time Court granted Ms. Edison's Motion to Withdraw as Counsel. In his motion, Mr. Edison indicated the Defendant had no faith in Mr. Edison's representation and did not want him to continue representing her. Mr. Edison has practiced criminal law in this Court for years and has tried countless federal lawsuits.

On June 11, 2009, the Court appointed defense counsel Margaret S. Raben to represent Ms. Walker.  Ms. Walker's arraignment was reset numerous times, apparently at Ms. Walker's request – and the Court granted additional time to retain an attorney.  Ms. Raben was terminated as Ms. Walker's counsel on July 29, 2009.  Ms. Raben is a highly experienced criminal defense attorney with close to 30 years of experience as an advocate in this Court.

On August 6, 2009, the Court appointed current defense counsel, Kimberly Lewis, to represent Ms. Walker.

According to the Motion to Withdraw, when appointed, Ms. Lewis was informed that Ms. Walker had three attorneys prior to Ms. Lewis and that Ms. Walker would be a difficult client.  Once appointed, Ms. Lewis promptly acted to contact the Assistant United States Attorney to obtain discovery.[1]  Wanting to be prepared to discuss the matter with Ms. Walker, Ms. Lewis waited until she had received full discovery to personally meet with Ms. Walker and discuss the case.  At the insistence of Ms. Walker, however, Ms. Lewis visited Ms. Walker in detention on August 25, 2009, before Ms. Lewis had received full discovery.

At their meeting, Ms. Lewis told Ms. Walker she did not have a copy of the plea offered to Ms. Walker and could not be specific about whether the offer was agreeable.  Ms. Walker apparently indicated she did not want to plead guilty and wanted a trial.  Ms. Lewis discussed the evidence in the case and provided her legal opinion.  Because visiting hours were waning, Ms. Lewis indicated that she would visit later.  Ms. Walker became

---

[1] Given the parade of attorneys representing the defendant, it is easy to understand why the government may not have provided all discovery at the earliest practicable time. With the continued uncertainty of the representation, it would be difficult, not to mention costly, for the government to provide discovery of sensitive and private law enforcement materials to various lawyers until the government was certain which one was appearing on behalf of the defendant. This order seeks, among other things, to resolve that uncertainty.

2

irritable and told Ms. Lewis to cease working on the case because she wanted a new attorney. Ms. Lewis then filed the motion to withdraw on behalf of her client.

In considering a motion to withdraw, a court should consider four factors: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *See U.S. v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001).

The Court finds the motion for withdrawal of counsel was timely. Additionally, the Court has adequately investigated the matter. It has thoroughly reviewed the docket entries, read each pleading, and conducted a hearing in an effort to determine the basis of the disagreement between Ms. Walker and Ms. Lewis. The Court inquired separately of both Ms. Walker and Ms. Lewis as to their disagreement and pressed each to articulate the differences they could not resolve themselves.

At the hearing, defendant Walker advised that she now wishes to "plead." Once the defense attorney obtains full discovery from the government, it would appear that the government would – as it does in most cases – tender a plea agreement. But it is of little consequence. Whether the defendant wishes to plead guilty or go to trial the Court will, as it said at the hearing, honor that choice.

The Court finds the conflict between Ms. Walker and Ms. Lewis is not so great as to warrant withdrawal. There has not been a complete breakdown of communication preventing an adequate defense. Surely Ms. Lewis in her 15 years of experience as a highly-competent, well-respected member of the criminal defense bar can communicate effectively with a difficult client in an attempt to achieve a resolution of the matter. Ms.

3

Walker and Ms. Lewis have met only on one occasion to discuss Ms. Walker's case. Although this meeting was slightly lengthy, it was convened at the prolonged insistence of Ms. Walker, and despite the fact that Ms. Lewis had not yet received full discovery from the government. It was also cut short by the fact that visiting hours were ending at the defendant's place of incarceration. Therefore, it was not possible for them to discuss, in a fully meaningful way, the option of a plea agreement.

The Court is confident that, given additional time to meet with the defendant, a full packet of discovery, and a proposed plea agreement that details the appropriate factors in the case, the defendant and her counsel will be able to effectively communicate to properly address the best means for proceeding in the case. Additionally, as part of this order, the Court will adopt a schedule in the case that pushes closer to the deadlines imposed by the Speedy Trial Act than it normally would in an effort to give the defendant, her counsel and the government adequate time to discuss resolution and prepare for trial in the case. The charges are not complex and the case is not out of the ordinary; with time and effort, the competent counsel working on this case can effectively meet all the deadlines set forth by the Court.

Moreover, the Court admonished at the hearing – and reiterates here – the defendant not to communicate directly and *ex parte* with the Court while represented by counsel and not to make derisive and irrelevant personal attacks on counsel regarding personal appearance and other matters that have little or no bearing on her representation.[2] It appears from the record that counsel has done a more than adequate job of representing

---

[2] The defendant improperly filed electronically with the Court a mostly incomprehensible handwritten letter laying out a series of baseless complaints about numerous irrelevancies, including the personal appearance of certain individuals. This letter was later stricken and removed from the record by the Court *sua sponte.*

4

the defendant and that she is fully capable of bringing the matter to resolution via plea or trial.

Thus, the Court finds that the continued representation of Ms. Walker by Ms. Lewis, a 15-year veteran of the criminal defense bar, will provide an appropriate resolution to this case, whether by plea or by trial.

Furthermore, the Court finds that, even if the first three factors would weigh in favor of granting withdrawal, they do not outweigh the public's interest in the prompt adjudication of the matter.  Ms. Walker has had four attorneys already.  Were the Court to grant the motion, Ms. Walker would likely be appointed another attorney, since she qualifies for appointment of counsel under the Criminal Justice Act, as she cannot afford to pay a private criminal defense attorney.  The Court is highly disinclined to take this route and force the taxpayer to shoulder the transactional and other additional costs of repeated appointments.

Finally, the right of an accused to court-appointed counsel does not carry with it the right to select a particular attorney.  *Lakin v. Stine*, 229 F.3d 1152, **3, n. 1 (table decision) (citing *U.S. v. White*, 451 F.2d 1225, 1226 (6th Cir. 1971) (per curiam)).  The Sixth Amendment does not guarantee an excellent lawyer, or even a good one.  *Nichols v. U.S.*, 563 F.3d 240, 248 (6th Cir. 2009).  Instead, it entitles the criminal defendant to nothing more than "a reasonably competent attorney whose performance falls within the wide range of competence demanded of attorneys in criminal cases." *Id.*  A motion for new court-appointed counsel based upon defendant's dissatisfaction with her counsel previously appointed is addressed to the sound discretion of the trial court.  *White*, 451 F.2d at 1226.

The Court finds that Ms. Lewis more than satisfies this standard.  Ms. Lewis has been a veteran of the federal criminal defense bar for 15 years.  In this matter, she wanted to be

completely prepared to discuss the case with Ms. Walker, so waited to visit until she had received all discovery. The delay in communicating with Ms. Walker was through no fault of her own. When she met with Ms. Walker to discuss the case, Ms. Lewis spent significant time discussing the case, providing Ms. Walker with a well-founded professional opinion regarding the plea offered by the government. The fact that Ms. Walker did not agree with Ms. Lewis's assessment has no bearing on the competency of Ms. Lewis's representation of Ms. Walker. The Court finds Ms. Lewis's representation of Ms. Walker to date has been more than adequate, and satisfies the standard of conduct required of a court-appointed criminal defense attorney. The Court, in its sound discretion, after considering the entire record, declines to grant the motion to withdraw as counsel.

**WHEREFORE**, it is hereby **ORDERED** that the Motion to Withdraw as Attorney (docket no. 12) is **DENIED**.

It is further **ORDERED** that the following schedule is established:

- <u>Trial date</u>: October 27, 2009; 9:00 am
- <u>Plea cutoff / pretrial conference date</u>: October 20, 2009 at 2:00 pm
- <u>Motion cutoff date</u>: October 1, 2009

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager