UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NANCY LORI WALKER,

    Defendant.
_____/

Case No. 09-cr-20264

HONORABLE STEPHEN J. MURPHY, III

**ORDER FOR PSYCHIATRIC OR**
**PSYCHOLOGICAL EXAMINATION OF DEFENDANT**

Defendant Nancy Lori Walker is charged with possession of counterfeit money and possession of a firearm with an obliterated serial number. Trial in her case is set for October 27, 2009.

The defendant has given the Court serious concern about her mental health and competency to stand trial. First, she has been assigned four court-appointed lawyers on four separate occasions in the case, and has consistently asked for a fifth. The Court addressed this request in its September 30, 2009 order. Docket no. 23.

Second, while represented by current counsel, the defendant communicated with the Court by means of a direct letter improperly filed through the clerk's electronic filing system. The letter was mostly incomprehensible, but did direct personal and derogatory remarks toward the defendant's current lawyer. The Court struck the letter from the record on that basis, among others.

Most disturbingly, the defendant has behaved in an unusual manner during two courtroom appearances in which the Court has taken steps to advance the case. The defendant has wavered greatly between advising the Court that she wishes to plead guilty

and advising that she wishes to go to trial. On various occasions, the defendant informed the Court that although she has a court-appointed attorney, she wants to proceed with the case without the assistance of her attorney, Ms. Kimberly Lewis, and that she wishes to conduct the trial herself.[1]

Most recently, on October 16, 2009, the defendant, defense counsel and counsel for the government appeared before the Court at a pretrial conference and attempted to describe to the Court whether the defendant wished to plead guilty or exercise her right to trial by jury. The Court conducts such hearings routinely in all criminal cases.

During the October 16 hearing, the Court inquired of defense counsel whether she believed the defendant adequately comprehended the situation she was in. Defense counsel Lewis responded "Yes, Your Honor, I do. I don't think there is a competency issue, although I do question, perhaps, a mental health issue." Obviously, the Court gives credence to this statement of counsel insofar as the Court has had very little interaction with the defendant, and Ms. Lewis has visited her on two or three occasions at the Wayne County Jail during the representation and term of defendant's pretrial detention.

The Court then conducted an inquiry of the defendant who proceeded to argue with the Court, interrupt the dialogue inappropriately, assert that Court was trying to "railroad" her, and threaten to argue irrelevant matters to the jury. The Court found the defendant's behavior to be highly disturbing and questionable.

It is within the province of the Court to determine whether a defendant is suffering from a mental disease or defect rendering her mentally incompetent to stand trial. *See* 18 U.S.C. § 4241(d). Based upon the defendant's behavior to date, and upon defense

---

[1] The Court has advised the defendant that Ms. Lewis will be on stand-by at the trial, and will be called upon for assistance, as necessary, if she chooses to represent herself.

counsel's statement that the defendant may have a "mental health issue," the Court has more than reasonable cause to believe that the defendant may be suffering from a mental disease or defect of such seriousness to trigger an inquiry under 18 U.S.C. § 4241(a).

Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby **ORDERED** that:

- a psychiatrist or psychologist be appointed, authorized, and directed to examine the mental condition of defendant Walker, *see id.* §§ 4241(a), (b), 4247(b);

- government and defense counsel, no later than October 30, 2009, submit to the Court the names of no more than three mental health professionals that the lawyers would jointly recommend to conduct the examination;

- upon identification of a professional who will conduct the examination, the defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, *see id.* § 4247(b);

- the U.S. Marshals Service transport defendant to and from the office of the mental health professional if the professional is unwilling or unable to examine the defendant in custody;

- the examining psychiatrist or psychologist prepare, as soon as practical but in no case later than January 31, 2010, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, *see id.* §§ 4241(b), 4247(c);

- the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c);

- that upon receipt of the report the Court will order and schedule a competency hearing and that the defendant's current lawyer, Ms. Kimberly Lewis, will represent the defendant at the competency hearing, *see id.* § 4247(d);

- the period beginning with the date of the Court's order, October 23, 2009, and ending with the receipt of the report, or January 31, 2010, whichever

      comes earlier, *see id.* §§ 4241(c), 4247(d), and subsequently up to and including the date of the competency hearing which will take place after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency, or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H); and

- the trial date, currently set for October 27, 2009 is adjourned pending resolution of the competency examination and hearing.

**SO ORDERED**.

      s/Stephen J. Murphy, III
      STEPHEN J. MURPHY, III
      United States District Judge

Dated: October 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2009, by electronic and/or ordinary mail.

      s/Alissa Greer
      Case Manager