UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELE JOHNSON,
    a/k/a "Nancy Lori Walker,"
    a/k/a "Dianne Anne Johnson,"
    a/k/a "Angela Jackson"

    Defendant.
_____/

Case No. 09-20264

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT (docket no. 39)

Defendant Michele Johnson, a/k/a "Nancy Lori Walker," a/k/a "Dianne Anne Johnson," a/k/a "Angela Jackson" is charged in a two count indictment with intent to defraud by being in possession of counterfeit currency and in possession of a fully loaded 9mm Ruger handgun with an obliterated serial number. This matter comes before the Court on defendant's motion to dismiss the indictment for violations of the Speedy Trial Act. As detailed below, the Court denies the motion.

### FACTS

The following facts are not in dispute.

A. <u>Arrest to Indictment</u>

The defendant was arrested on May 4, 2009. On May 6, 2009, a criminal complaint was sworn before United States Magistrate Judge Mona Majzoub charging the defendant with violating 18 U.S.C. §§ 472 and 922(k). (Docket no. 1) The defendant appeared before Magistrate Judge Majzoub on May 6, 2009. Temporary detention was ordered and a detention hearing was set for May 7, 2009. On May 8, 2009 the detention hearing was

adjourned and reset for May 13, 2009. The detention hearing was held on May 13, 2009. At that hearing, bond was denied and a preliminary exam was set for May 20, 2009.

On May 11, 2009, defense attorney Jeffrey L. Edison was appointed under the Criminal Justice Act ("CJA"). (Docket no. 4) On May 19, 2009, Magistrate Judge Whalen signed an order continuing the preliminary hearing to June 22, 2009. (Docket no. 7) On June 3, 2009, Edison filed a motion to withdraw. (Docket no. 8) The motion was granted by an order dated June 5, 2009. (Docket no. 10) Attorney Margaret S. Raben was appointed on June 11, 2009 under the CJA. (Docket no. 12) On June 17, 2009, the government filed the indictment, charging in two counts violation of 18 U.S.C. § 472 and 18 U.S.C. § 922(k). (Docket no. 13).

B. Indictment to Trial

On June 23, 2009, Magistrate Judge Scheer adjourned the defendant's arraignment to June 30, 2009. The arraignment was adjourned again to July 15, 2009 by Magistrate Judge Mona Majzoub, and again to July 29, 2009 by Judge Bernard Friedman, who noted on the docket that the plaintiff wanted more time to retain counsel. The arraignment was held on July 29, 2009 before Magistrate Judge Scheer. On that same day, the Court appointed the Federal Public Defender as counsel to the defendant, and Attorney Raben was terminated. Attorney Kimberly Lewis was appointed as counsel to the defendant on August 8, 2009. (Docket no. 16) On August 13, 2009, the Court set a scheduling order requiring motions to be filed by September 14, 2009, and a pretrial conference and plea cutoff set for September 30, 2009. (Docket no. 17)

On September 3, 2009, the defendant filed a motion for withdrawal of her court-appointed counsel. (Docket no. 19) The case was transferred to the undersigned on September 4, 2009. The hearing on the motion to withdraw was immediately noticed for

September 23, 2009. (Docket no. 21) On September 22, 2009, a stipulation and order to continue was entered excluding the time from September 23, 2009 to September 28, 2009 on the grounds that the defendant's counsel had another matter on September 23 and the ends of justice served by the delay outweigh the interest of the public and the defendant in a speedy trial. (Docket no. 22) The Court held a hearing on defendant's motion for withdrawal of counsel on September 28, 2009. The Court denied the motion to withdraw on September 30, 2009. (Docket no. 23) In the same order, the Court reset the dates for motion and plea cutoff and set the matter for a jury trial for October 27, 2009. On October 16, 2009, a pretrial conference was held, in which the date of October 27, 2009 was confirmed as the start of the jury trial.

On October 23, 2009, following the defendant's appearance at the pretrial conference, the Court *sua sponte* entered an Order for Psychiatric or Psychological Examination of Defendant pursuant to the Insanity Defense Reform Act of 1984. (Docket no. 30) That order adjourned the trial and ruled that the period of time from October 23, 2009, the date of the Court's Order for Psychiatric or Psychological Examination of Defendant, and the earlier of January 31, 2010 or the date the Court received the report of the examiner would be deemed to be excludable delay under the Speedy Trial Act. The October 23, 2009 Order also ruled that the time from the receipt of the report, through the date of the competency hearing and the Court's ruling on the defendant's competency, would be excludable under 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(F), and (h)(1)(H).

The parties entered a stipulation on October 28, 2009 agreeing that the defendant would be examined by a qualified mental health professional employed by the Bureau of Prisons. (Docket no. 31) The mental health evaluation was then conducted. The Court received a faxed copy of the report of the examiner on December 18, 2009 and an original

on January 5, 2010. On January 26, 2010, the Court noticed a competency hearing to be held on January 29, 2010. On January 29, 2010, the Court held the competency hearing, determined the defendant competent to stand trial, and reset the jury trial for February 2, 2010.

On February 1, 2010, a fifth attorney appeared on behalf of the defendant, current counsel Suzanna Kostovski. (Docket no. 36) On February 2, 2010, the defendant and the government stipulated to adjourn the trial from February 2, 2010 to March 9, 2010, and stipulated that the extended time period from January 31, 2010 until the trial on March 9, 2010 was excludable under 18 U.S.C. § 3161(h)(7) because the newly-appointed defense counsel required additional time to investigate the facts and explore resolution of the case short of trial and that the interests served by the delay outweigh the interest of the defendant and the public in a speedy trial. (Docket no. 38)

On March 19, 2010, the defendant filed the instant motion to dismiss the indictment for violation of the speedy trial act.

**MOTION TO DISMISS**

Defendant moves to dismiss the indictment as violative of the Speedy Trial Act.

A. Pre-Indictment Delay

The defendant argues, first, that the government violated the requirement, contained in 18 U.S.C. § 3161(b), that any information or indictment charging an individual with the commission of an offense must be filed within thirty days from the date that the individual was arrested. A violation of this deadline mandates the dismissal of the indictment. 18 U.S.C. §3162(a). The period is triggered when there is a federal arrest, which is when the defendant is taken into custody to respond to a federal charge. *United States v. Copley*, 774 F.2d 728, 730 (6th Cir. 1985), *cert. denied*, 475 U.S. 1049 (1986).

4

The defendant points out that the defendant was arrested and taken into custody to respond to federal charges on May 6, 2009 and was indicted on June 19, 2009, which was 42 days later, and therefore violated the thirty-day deadline. The government replies that there was a seventeen-day period from May 20, 2009 to June 5, 2009 in which the parties were pursuing pre-indictment plea negotiations, which period of time is excludable under 18 U.S.C. § 3161(h) which permits the exclusion of "other proceedings concerning the defendant." In *United States v. Hill*, 172 F.3d 50, 1999 WL 17642 at *2 (6th Cir. Jan. 4, 1999), the Sixth Circuit held that where the government was prepared at all times to indict the defendant but agreed not to at the request of the defendant's counsel due to ongoing plea negotiations and the order of the trial judge, such delay is not chargeable to the government. The time from the arrest to indictment in *Hill* was over eight months. Id. at *1. The Sixth Circuit cautioned, however, that "the exclusion for plea bargaining proceedings under *Bowers* should not be viewed as unlimited or otherwise abused." *Id.* at *2, n.3.

Here, the government argues that the seventeen-day time period between May 20, 2009 and the June 5, 2009 order that allowed attorney Jeffrey Edison to withdraw is excludable under the general provisions of 18 U.S.C. § 3161(h) because both parties were attempting at that time to work out a pre-indictment plea agreement. The government has submitted a letter dated May 20, 2009 from the government to defendant's then-attorney Jeffrey Edison (Government's Response to Motion to Dismiss, Exhibit A) which recites that the government has scheduled a meeting for the purpose of considering the defendant's proffer. This letter was signed by the defendant (under the name Nancy Walker) and by the defendant's then-counsel Edison, both signatures being dated May 20, 2009. During the proffer, the government asserts, the defendant attempted to provide information to the

5

Secret Service agent in hopes of securing a cooperation agreement as part of an overall Rule 11 plea agreement. At the conclusion of the proffer, the Secret Service agent told the defendant that he would attempt to verify the information the defendant had provided, and the defendant agreed to attempt, with the assistance of her counsel, to gain additional details to assist the Secret Service agent. On June 3, 2009, while the Secret Service agent was still attempting to investigate the information provided by the defendant and waiting for additional information from the defendant, the defendant moved to withdraw as counsel due to a total breakdown of the attorney-client relationship. The Court granted Edison's motion to withdraw on June 5, 2009 and appointed first the Federal Public Defender, on June 5, 2009, and then attorney Margaret Raben on June 11, 2009. The government then scheduled time with the grand jury and obtained an indictment on June 17, 2009.

The defendant argues that there is no evidence in the record that the parties were conducting pre-indictment plea negotiations during this entire seventeen-day period and therefore this seventeen-day time period is not excludable. The defendant stated in her letter to Mr. Gabel (Government's Response Exhibit C) that her attorney had filed for a continuance, which she objected to, and which subsequently led to Mr. Edison withdrawing from the case. The defendant argues that at a minimum a hearing needs to be held and Mr. Edison needs to be questioned about what exactly took place and for how long.

The Court agrees with the government that there is no pre-indictment violation of the Speedy Trial Act in this case. The government has submitted evidence showing that pre-indictment plea negotiations were taking place as of May 20, 2009, both parties left the proffer meeting indicating that they would do additional work and meet again, and the defendant has offered no evidence that such plea negotiations were not ongoing or that she had indicated to the government at any time prior to June 5, 2009 that she intended

6

to reject the plea agreement. The letter relied upon by the defendant is dated August 27, 2009, more than two months later, and does not establish that the defendant had withdrawn from plea negotiations prior to indictment, but only that she was having disagreements at the time with her then-attorney. The delay due to the plea negotiations was relatively brief here and do not implicate the concerns of the *Hill* court of unlimited or abused exclusions. Furthermore, no evidentiary hearing is required here, because the defendant has failed to come forward with any evidence showing that the government was not ready to indict or that the government was not acting on the understanding, conveyed by the defendant, that the defendant was working toward a pre-indictment plea bargain. The Court therefore finds that the period of time from May 20, 2009 to June 5, 2009 is excludable under 18 U.S.C. § 3161(h) and the indictment on June 17, 2009 did not violate 18 U.S.C. § 3161(b).

    B. Delay from Indictment to Trial

Defendant argues that her indictment should be dismissed with prejudice for violation of 18 U.S.C. §3161(c) which provides that the trial of the defendant must commence within seventy days of the indictment, and for violation of 18 U.S.C. § 3164(a)(b), which provides that the trial of any person who is being held in continuous detention solely because he is awaiting trial shall commence no later than ninety days following the beginning of the detention. Since there will be 265 days that will have passed between the defendant's indictment and the trial now scheduled for March 9, 2010, the defendant argues that the indictment should be dismissed under 18 U.S.C. § 3162(a)(2) and 18 U.S.C. § 3164(c). The government argues in response that, of the 265 days that will have passed between the defendant's Indictment and trial, 210 days are properly excludable, leaving just 55 days of elapsed time under the Speedy Trial Act.

For purposes of 18 U.S.C. § 3161(c), the seventy-day period begins running from the day after the defendant is indicted, if the indictment occurs after the defendant's initial appearance. *United States v. Tinklenberg*, 579 F.3d 589, 594 (6th Cir. 2009). The burden of proving a violation of 18 U.S.C. § 3181(c) is on the defendant, but the government has the burden of producing evidence that the exclusions contained in subparagraph (h) apply. 18 U.S.C. § 3161(a)(2).

        1.    <u>The 37 days it took to complete the defendant's arraignment</u>

The government recites the following facts in support of its argument that 37 days between the government's first attempt to arraign the defendant and the completion of the arraignment are excludable under 18 U.S.C. § 3161(h)(1)(D). Prior to the first attempt to arraign the defendant, the defendant had gone through two different attorneys. Her third attorney, Margaret Raben, was appointed nearly one week before the arraignment, but by the date of the arraignment the defendant had a falling out with Ms. Raben. On June 23, 2009, the defendant stated that she was displeased with her counsel and was not prepared to go through with the arraignment on that date because she wanted a new attorney. A second attempt to arraign the defendant was made on July 1, 2009, but the defendant fired her attorney prior to her case being called at duty court for arraignment. At duty court, the defendant stated that she wanted to retain counsel and the Court again adjourned the arraignment. A third attempt to arraign the defendant was made on July 15, 2009. At this hearing, the defendant complained to Judge Bernard Friedman that she did not have access to the law library in the Wayne County Jail, insisted that she was attempting to retain counsel, and requested that the arraignment be adjourned so that she could obtain counsel. Judge Friedman noted on the docket that "Plaintiff wants more time to retain counsel," and adjourned completion of the arraignment until July 29, 2009. On July 17,

2009, the defendant sent a letter to Assistant United States Attorney Louis Gabel, thanking him for his attention and speed in preparing the Rule 11 plea agreement and expressing her intention to enter into the plea agreement that had previously been proposed to her earlier attorney, Ms. Raben. On July 29, 2009 in duty court, defendant, again appearing without counsel, again sought delay so that she could locate counsel, but Magistrate Judge Donald Scheer completed the arraignment and issued an order appointing the Federal Defender as defendant's counsel. At the conclusion of the arraignment, the defendant approached Mr. Gabel and expressed her desire to accept the Rule 11 plea agreement that the government had previously provided to defendant's third counsel, Ms. Raben.

The government argues that the 37 days it took to complete the arraignment is excludable under 18 U.S.C. § 3161(h)(1)(D), which excludes any periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." The government argues that the repeated adjournments of the arraignment was at the defendant's request so that she could obtain new counsel instead of court-appointed counsel or instead of acting *pro se*, and that the defendant was, in essence, making a motion for new counsel or substitution of counsel. When she was unable to obtain privately-retained counsel, her request for a new attorney was granted, the government argues, when the magistrate judge issued an order on July 29, 2009, appointing the Federal Defender.

In her reply, the defendant does not challenge either the government's factual recitation or its argument that the 37-day delay during which the court was attempting to complete her arraignment was attributable to defendant's requests for new counsel. The Court therefore holds that this time period is excludable under 18 U.S.C. § 3161(h)(1)(D).

2. The Ten-day Period During Which the Government
Engaged in Plea Negotiations With Defendant's Fourth Counsel

The government also argues that the ten day period from August 24, 2009 through September 2, 2009 in which the government engaged in plea negotiations with the defendant's fourth counsel, Kimberly Lewis, is excludable under 18 U.S.C. § 3161 (h)(1) as "other proceedings concerning the defendant." In support of the government's assertion that plea negotiations were ongoing from at least August 24, 2009 until Ms. Lewis filed her motion to withdraw as counsel on September 3, 2009, the government submits an email dated August 24, 2009 in which Assistant United States Attorney Gabel forwards the government's proposed Rule 11 plea agreement to Kimberly Lewis. The government argues that in fact the plea negotiations continued even after Ms. Lewis filed her motion to withdraw, and included an offer by the government on September 30, 2009 to permit the defendant to plead to Count One alone, and an October 8, 2009 visit by Mr. Gabel to the Wayne County Jail, with Ms. Lewis, in which Mr. Gabel described the revised plea agreement. The defendant eventually proposed revisions to the plea agreement that were not acceptable to the government and therefore no signed Rule 11 plea agreement was ever entered.

The Court finds under *United States v. Hill*, 172 F.3d 50, 1999 WL 17642 at *2 (6th Cir. Jan. 4, 1999), discussed *supra*, that the government had established that, at a minimum, the ten-day period from August 24, 2009 to September 2, 2009 is excludable under 18 U.S.C. § 3161(h)(1). The defendant does not contend otherwise in her reply, and therefore this ten-day period is also excluded.

3. The 26 Days Between Ms. Lewis' September 3, 2009 Motion to
Withdraw as Counsel is Excludable under 18 U.S.C. § 3161(h)(1)(D)

The Court finds that 26 days that elapsed from Ms. Lewis' September 3, 2009 motion to withdraw as counsel and the date the Court denied the motion on September 28, 2009 is excludable under 18 U.S.C. § 3161(h)(1)(D). Ms. Lewis' motion to withdraw establishes that there had been a total breakdown of the attorney-client relationship and the defendant had asked Ms. Lewis not to do anything on the case because the defendant wanted a new lawyer. See Motion to Withdraw (docket no. 19). Ms. Lewis' motion to withdraw, therefore, constituted a motion that delayed trial or had the potential to delay trial under *United States v. Tinklenberg*, 579 F.3d 589, 598 (6th Cir. 2009). Defendant does not contend otherwise in her reply, and the 26 days between the filing of the motion and its resolution is therefore excluded.

4. The Period that Elapsed Due to the
Court-Ordered Psychiatric Evaluation

On October 23, 2009 the Court ordered a psychiatric or psychological examination of the defendant to determine her competency to stand trial, in light of the defendant's repeated clashes with her various attorneys, her correspondence with the Court, and her demeanor in court. In that order, the Court ruled that the time period required to transport the defendant to and from a place of examination, the time period necessary to complete the examination, and the time period between the completion of the examination and the Court's decision regarding competency was excludable under 18 U.S.C. §§ 1361(h)(1)(A), (F) and (H). The defendant did not challenge the Court's Order ruling at the time it was issued, and subsequently entered into a stipulation with the government agreeing that the defendant should be examined by a qualified mental health professional employed by the bureau of prisons. (Docket no. 31).

The defendant argues in her reply brief that there is no basis for excluding the entire 100 day time period. The defendant argues, first, that there was no basis for the Court to order a psychiatric or psychological examination because there was no indication in any of her history that she was in need of any evaluation, and two examinations were conducted at the Wayne County Jail which concluded that the defendant was not mentally ill or mentally incapacitated. The defendant argues, second, that even if the evaluation was medically necessary, it was unnecessarily delayed.

The Court finds both arguments to be without merit. The Court ordered the evaluation of the defendant based upon her conduct in litigating the case and in open court, and its concern for the fairness of the proceedings. The defendant asserts that the defendant had previous mental evaluations while she was in Wayne County Jail. This Court was not made aware of any such evaluations at the time it issued the order for a psychological or psychiatric evaluation, and previous examinations do not appear on the docket. Nonetheless, any previous mental examination or examinations did not deprive the Court of the power to order the defendant to be examined under 18 U.S.C. § 4241(d), or make another evaluation unnecessary.

The defendant's second argument, that the evaluation was unnecessarily delayed, is also without merit. The defendant points out that a report was prepared and faxed to the Court on Friday, December 18, 2009, but Ms. Johnson did not appear back in court until the end of January 2010, some six weeks after her evaluation had been complete. The defendant argues that since Ms. Johnson's evaluation was completed by December 18, 2009, then the six-week period from the completion of the evaluation until January 31, 2010 is not automatically excludable. In the alternative, the defendant argues that an evidentiary hearing should be held to inquire into the reasonableness of the delay between the

12

conclusion of the mental evaluation and the Court's order determining the defendant competent.

The Court has considered the record carefully and concludes that the entire period from the entry of the order requiring a psychiatric or psychological exam until the hearing that determined the defendant was competent to stand trial is excludable, and that no evidentiary hearing is necessary. While it appears that the Court was sent a faxed version of the report on Friday, December 18, 2009, the official version was not received until January 5, 2010, the competency hearing was held on January 29, 2010, and the Court ruled the defendant competent that same day. The Court order anticipated that the Court would require a reasonable time after receiving the report in which to evaluate the report, and the Sixth Circuit has clearly held that the entire period of time during which a competency proceeding is pending is excludable under 18 U.S.C. § 3161(h)(1)(A). *Tinklenberg*, 579 F.3d at 595-96 (all delay caused by proceedings to determine defendant's competency excluded, except for time during which the defendant is supposed to be in transit, which is presumptively unreasonable if longer than ten days); *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2001). There is no evidence in the record that transit time exceeded ten days in either direction, and therefore the entire period of time from the date the order for examination was entered on October 23, 2009, up to and including January 29, 2010, the date on which the defendant was determined to be competent, is excludable. Thus, 99 days is excluded by operation of 18 U.S.C. § 3161(h)(1)(A).

> 5. The Parties Stipulated to a Continuance From February 1, 2009 to March 9, 2009, and the Court Found that the Ends of Justice Served by the Delay Outweighed the <u>Best Interests of the Public and the Defendant in a Speedy Trial</u>

On February 1, 2009, the defendant and the government entered a stipulation agreeing to the adjournment of the trial date to March 9, 2010, in order to permit the

defendant's newly-appointed counsel, her fifth, to investigate the facts of the case and explore a possible plea bargain, and that interest served in the delay outweighed the best interest of the defendant and the public in a speedy trial. Pursuant to that stipulation, the Court ordered that the time period between January 31, 2010 and March 9, 2010 be deemed excludable delay under 18 U.S.C. § 3161(h)(7). These 36 days are also excludable from the running of the Speedy Trial Act clock, and the defendant does not challenge the exclusion of this time.

Counting up the excludable time periods, the Court finds that 209 days should be excluded from the running of the Speedy Trial Act clock from indictment to the currently-scheduled trial date of March 9, 2010. Once those days are excluded, the time that has elapsed from Indictment to trial is 56 days. Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act will therefore be denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Dismiss Indictment for Violation of the Speedy Trial Act (docket no. 39) is **DENIED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager